United States v. Rinaldi.

# UNITED STATES

*v.*

# , VICENTE RINALDI.

---

San Juan, Criminal, No. 1177.

PETITION FOR RETURN OF LIQUORS BY MARSHAL.

Search Warrants—Prevention.

    1. Goods may be seized upon a search warrant looking to the prevention of a crime, without waiting for its commission.

Marshal—Possession of Evidence.

    2. Where goods have been turned over to the Federal marshal by a local court for use in the Federal court, the ultimate disposition belongs to the local court.

Alcoholic Liquors—Evidence.

    3. Where the proceeding is for selling certain liquors in violation of the Prohibition Law, a court cannot in advance say that other liquors cannot be used as evidence and therefore should be returned.

Prohibition—Liquors at Home.

    4. American citizens and friendly aliens. have the right to have liquors in their own home for personal use, but personal use does not include keeping a stock of liquors at home to be sold in an adjacent restaurant.

Opinion filed August 7, 1919.

---

NOTE.—On admissibility against defendant of documents or articles taken from him, see notes in 59 L.R.A. 465; 8 L.R.A.(N.S.) 762; 34 L.R.A.(N.S.) 58; L.R.A.1915B, 834, and L.R.A.1916E, 716.

On constitutional guaranties against unreasonable search and seizures as applied to a search for and seizure of intoxicating liquors, see notes in 3 A.L.R. 1514, and 13 A.L.R. 1316.

United States v. Rinaldi.

*Mr. H. G. Molina* for petitioner.

*Mr. M. M. Martin,* amicus curiæ.

HAMILTON, Judge, delivered the following opinion:

The facts developed on the hearing of this petition seem to be that petitioner has a shoe-making establishment on one side of Allen street, San Juan, at No. 13, and across the street at No. 20 operates a restaurant on the ground floor, and lives with his family upstairs over the restaurant.

Near the middle of July, defendant was arrested for selling two bottles of brandy on successive days at the restaurant, and on July 29 for technical reasons the first information was dismissed and a second was filed based upon the same facts. It is therein charged that "he did unlawfully, knowingly, and wilfully sell to Francisco Lopez a bottle containing distilled spirits commonly called brandy for beverage purposes—on the 15th day of July," and in the second count a similar sale on the 16th of July. This is the only proceeding on file in this court against the defendant, and it is not alleged therein that he habitually sold intoxicants at his restaurant.

The petition alleges that on the 15th of July, while defendant was absent at his cobbler's shop, the chief of police and other insular officers, without proper warrant, forcibly entered the defendant's home and seized wines and liquors which he had for his personal use and for the use of his family; that a part thereof was turned over to the marshal of this court for the alleged reason that the goods were to be used as evidence upon a trial on the information; and the marshal refuses to return them.

### United States v. Rinaldi.

It is further alleged that the wines and liquors can in no way establish the allegations of the information, that defendant would object to their introduction as evidence, and that such withholding of his property violates defendant's rights under the Constitution and treaties between the United States and Italy, of which Kingdom the petitioner is a subject.

1. The petition is avowedly brought under the principles of Weeks v. United States, 232 U. S. 393, 58 L. ed. 655, L.R.A. 1915B, 834, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177, and if it is shown the goods in question are improperly in the possession of the government they should be ordered returned. A letter of the marshal placed in evidence by the petitioner shows that the marshal considers that the goods were turned over to him by the municipal court of San Juan at the request of the United States district attorney to be used as evidence in the Rinaldi Case.

The subject of search warrants is of modern growth. Lord Coke in 4 Co. Inst. 176 denied their validity. This reference was to general warrants issued by royal authority for search of private homes, but they were sanctioned even before the American Revolution. Statutes in England and America regulate their use, although within the limits of Amendment 4 of the Constitution, providing that "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized," as well as the provisions of Amendments 5 and 14 providing for due process of law; the original provisions ran against Federal action; but the same rules have been incorporated in state constitutions as well as in

the Bill of Rights of Porto Rico. These provisions are self-executing and control all official actions.

There was in the case at bar a warrant based upon probable cause, and here, as is generally the case, the question is as to reasonableness of the search. In the case at bar this does not apply to the methods used in making the search, If the officers exceeded their duty, they may be proceeded against in the proper forum. The question relates more to whether the goods seized were seized for a proper purpose, that is to say, to prevent the commission of a crime. They were not seized by officers of this court, nor were they seized to prevent the commission of the crime for which an information has been filed in this court. What course the local officers proposed or propose to pursue is not before this court. The Organic Act of Porto Rico provides that "it shall be unlawful to sell, give away, or expose for sale or gift, any intoxicating drink," with certain exceptions which do not here apply. It is not necessary to wait until a crime has been committed before the public authorities take any action. It is perhaps more beneficial to prevent the commission of a crime than to punish it afterwards. An ounce of prevention is worth a pound of cure. If this search was for that purpose it cannot be said to have been unreasonable. A search of a shop may be had if part of the execution of a warrant to search a house on the same premises. 24 R. C. L. 714. In the case at bar the direction was to search 20 Allen street, upstairs and down; that is to say, both shop and dwelling. It is true that a house cannot be searched merely to secure evidence, but the search is proper if the goods to be seized relate to the commission of a crime by the person in possession. The writ cannot be used in civil cases and must relate to the commission of

United States v. Rinaldi.

crime. 24 R. C. L. 718, 719. The statute is to be strictly construed and all official steps required must be taken; nevertheless, the statute is of great public value, and when steps are taken by officers acting in the course of their duty they are to be sustained.

2. To adjudicate the rights of a petitioner, therefore, it must be determined whether the goods were improperly seized or are improperly in the custody of the marshal of this court. The original court papers produced on the hearing seem to show an affidavit made before the municipal judge of San Juan the 16th day of July, an order by Municipal Judge Castejon for the searching of the premises No. 20 Allen street, upstairs and down, and the return of a corporal of the insular police that he had searched said premises and found and inventoried eighty-two bottles of wine, twenty-three bottles of cider, and smaller amounts of brandy, Vermouth, and similar beverages. A large portion, corresponding to the goods listed in the petition, are admitted to be now in the possession of the marshal. Some confusion has been caused, no doubt, by the fact that the physical possession of the property is with the United States marshal, and that the goods are in his office in the Federal building. Local process does not run to this building, and no order of the local court for the return of these goods would have any validity. The fact remains, however, that the marshal and district attorney have the custody of these goods as quasi bailees of the local court, with right to use them only as evidence in a case in this court, and subject to proceedings in the local court. It would be their duty, and it need not be added, that this Federal court would see that they respect their duty to return the property to the local court upon request, when needed there. The

court will make any order necessary to carry out this rule of comity, if any order is required, just as the local court itself has exercised comity in placing the physical custody of the property in the hands of the Federal officials for use in a Federal case. It would seem that any ground of complaint which the petitioner has should be presented either in the court issuing the order for search under Porto Rico Civil Code, §§ 506; 519, or through the local district court, if that be the one having the power to inquire into the offense in respect to which the said warrant was issued. Civil Code of Porto Rico, § 519.

3. The return of the evidence, therefore, must be to the local court if to anyone. As to whether it should be requested, however, it may be remarked that although the information is not for carrying on the business of selling liquors and the liquors therefore could not be held as evidence of that offense, nevertheless it might be impossible to decide in advance that it would be improper to admit evidence that the sale of these two bottles of brandy was in the regular course of a restaurant business. A restaurant business as conducted before the Prohibition Laws included the sale of alcoholic beverages. It is quite true that having a stock of wine does not prove that the defendant sold two bottles of brandy, but if he sold two bottles of brandy out of a regular stock of liquors it might constitute a higher grade of the crime and carry with it a more severe punishment than a single sale.

4. Lest the petitioner may seem to lose all remedy because of being placed between two courts, it may be well to add that this court holds the following views:

(1) That any American citizen, and, to the extent that the

XI. Porto Rico.—24.

### United States v. Rinaldi.

treaties authorize, any friendly alien, has the right to have and use in his own home liquors for his own use. Fong Yue Ting v. United States, 149 U. S. 698, 37 L. ed. 905, 13 Sup. Ct. Rep. 1016.

(2) This rule is to be construed in a common-sense way. Personal use in a home does not include keeping in one's home a stock of liquors to be sold in a restaurant, or to be used in any way as merchandise. Home and store are two different things, and home use and store use are equally different. Even a home can be searched under a proper order of court to detect or prevent the commission of crime. A man's house is his castle for purposes of protection, but it is not to be used as a basis for committing crime; and for what crime is we must look into the statutes. A home is therefore in the nature of a shield, and not a sword.

Upon the whole it cannot be said that the local procedure or the action of the marshal is of such a character as to justify this court in declaring that the constitutional rights of the petitioner have been violated.

The petition is therefore denied.

It is so ordered.